# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

Greensboro Division

FILED
JUN 19 2018
Clerk U.S. District Court
Greensboro, NC
BY_____

| | |
|---|---|
| Katie D. Harris<br>*Plaintiff(s)*<br>(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)<br>-v-<br>Guilford County Sherriff's Office<br>*Defendant(s)*<br>(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Case No. 1:18CV519<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)*  ☐ Yes  ☐ No |

## COMPLAINT FOR A CIVIL CASE

**I.     The Parties to This Complaint**

   **A.     The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   |   |   |
   |---|---|
   | Name | Katie D Harris |
   | Street Address | 167 Pillow Ln |
   | City and County | Burlington |
   | State and Zip Code | NC 27217 |
   | Telephone Number | 704-244-1922 |
   | E-mail Address | katie.harris@ymail.com |

   **B.     The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
    Name                         Mark Payne c/o Guilford County Sherriff's Office
    Job or Title *(if known)*    County Attorney
    Street Address               400 W Washington Street
    City and County              Greensboro / Guilford County
    State and Zip Code           NC 27401
    Telephone Number             336-641-3694
    E-mail Address *(if known)*  sheriff@co.guilford.nc.us

Defendant No. 2
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

Defendant No. 3
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

Defendant No. 4
    Name
    Job or Title *(if known)*
    Street Address
    City and County
    State and Zip Code
    Telephone Number
    E-mail Address *(if known)*

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question  ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

1) Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. 2000e TO 2000e-17 (race, color, gender, religion, national orgin).

2) Age Discrimination in Employment Act of 1967. as codified, 29 U.S.C. 621 to 634.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
   The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation
   The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

    b.     If the defendant is a corporation

The defendant, *(name)* Guilford County Sherriff's Office, is incorporated under the laws of the State of *(name)* North Carolina, and has its principal place of business in the State of *(name)* North Carolina.

Or is incorporated under the laws of *(foreign nation)* _____,

and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.     The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

$54,000 in damages for the denial of employment due to discrimination.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

When applying for this position one of the questioned asked was "what would make you a good canidate for the job?" My answer: Because I am an Evangelist and I have a compassion for as well as a need for helping people. There was also a request to check credit and I ask what was the basis for checking my credit and would this affect my being hired; because I am coming out of a divorce and my credit has taken a hit as a result. The answer was no that has no barren on your getting hired. I was further informed that they only looked at it to screen out anyone who would be suspect for embezzlement or fraud. I was then instructed to go to my home county and obtain a background check and return it to the Office for further processing of my application.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

The search for employment was extended due to the closing of the application with this Office for discriminatory conduct. Damages in the amount of $54,000 for the year and a half of continued unemployment encountered as a result of discrimination by this Office. The entry level offer at that time of application was $36,000 to $40,000 plus paid vacation and sick leave.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 06/19/2018

Signature of Plaintiff  
Printed Name of Plaintiff  Katie D Harris

### B. For Attorneys

Date of signing:

Signature of Attorney  
Printed Name of Attorney  
Bar Number  
Name of Law Firm  
Street Address  
State and Zip Code  
Telephone Number  
E-mail Address



**U.S. Department of Justice**

Civil Rights Division

JMG:KDW:KLF
DJ 170-54M-139

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

APR 11 2018

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL 7016 2140 0000 5581 1041
RETURN RECEIPT REQUESTED

Ms. Katie D. Harris
167 Pillow Lane
Burlington, NC 27217

    Re: Katie D. Harris v. Guilford County Sheriff's Office
      EEOC Charge No. 435-2011-00245

Dear Ms. Harris:

  It has been determined that the Department of Justice will not file suit on the above-referenced charge of discrimination that was referred to us by the Equal Employment Opportunity Commission (EEOC). This should not be taken to mean that the Department of Justice has made a judgment as to whether or not your charge is meritorious.

  You are hereby notified that conciliation in this matter was unsuccessful by the EEOC. You are further notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq., against the above-named respondent. If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.

  Therefore, you should consult an attorney of your own choosing at your earliest convenience. If you are unable to locate an attorney, you may wish to contact the EEOC, or apply to the appropriate court, since that court may appoint an attorney in appropriate circumstances under Section 706(f)(1) of Title VII, 41 U.S.C. 2000e-5(f)(1).

  We are returning the files in this matter to EEOC's Greensboro Local Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative file, please feel free to address your inquiry to: Jose G. Rosenberg, Director, EEOC, 2303 W. Meadowview Road, Suite 201, Greensboro, NC 27407.

            Sincerely,

            John M. Gore
         Acting Assistant Attorney General
           Civil Rights Division

         By:

            Karen D. Woodard
           Principal Deputy Chief
         Employment Litigation Section

cc: Guilford County Sheriff's Office c/o Mark Payne, County Attorney
   EEOC, Greensboro Local Office



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Greensboro Local Office

2303 West Meadowview Road, Suite 201
Greensboro, NC 27407
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Greensboro Status Line: (866) 408-8075
Direct Dial: (336) 547-4019
TTY (336) 547-4035
FAX (336) 547-4032
Website: www.eeoc.gov

Charge Number: 435-2011-00245

Katie D. Harris
1319 Flag Street
Apt. A
Greensboro, NC 27406

Charging Party

Guilford County Sheriff's Office
400 W. Washington Street
Greensboro, NC 27401

Respondent

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the above cited charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended (Title VII), and the Age Discrimination in Employment Act of 1967, as amended (ADEA). Timeliness and all other requirements for coverage have been met.

Charging Party alleges that Respondent discriminated against her in violation of Title VII due to her race (Black), her religion (Evangelist), her sex (female), and in violation of the ADEA due to her age (43) by closing her application for employment for the position of Detention Services, thereby denying her employment.

Respondent denies Charging Party's allegations of discrimination and contends that her application for the position of Detention Services Officer was closed because her credit history was unsuitable for the position.

Evidence obtained during the investigation establishes that Respondent's policy/practice of utilizing credit information to determine whether a candidate's application will be closed or whether the applicant will progress further in the hiring process has a disproportionate impact in that it disproportionately screened out Charging Party and Black applicants as a class.

Respondent has failed to demonstrate that such a policy/practice is job related and consistent with business necessity.

Based on this analysis, I have determined that there is sufficient evidence to conclude that there is reasonable cause to believe that Respondent discriminated against Charging and a class of Black applicants in violation of Title VII by closing their applications due to credit information, thereby denying them further consideration in the hiring process.

The Commission is unable to conclude that the information obtained establishes a violation with respect to Charging Party's allegation that her application was closed based on her religion or sex in violation of Title VII or based on her age in violation of the ADEA. This does not certify that Respondent is in compliance with the statutes as to this allegation.

Upon finding that there is reason to believe that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. The confidentiality provisions of the statutes and Commission Regulations apply to information obtained during conciliation.

If the Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission. A Commission representative will contact each party in the near future to begin conciliation.

On Behalf of the Commission:

5/30/14
Date

Jose G. Rosenberg, Director
Greensboro Local Office



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Greensboro Local Office

2303 West Meadowview Road, Suite 201
Greensboro, NC 27407
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Greensboro Status Line: (866) 408-8075
Direct Dial: (336) 547-4019
TTY (336) 547-4035
FAX (336) 547-4032
Website: www.eeoc.gov

September 8, 2014

Re: Katie D. Harris v. Guilford
County Sheriff's Office
Charge No.: 435-2011-00245

Katie D. Harris
610 Lucerne Street
Greensboro, NC 27406

Dear Ms. Harris:

Your case has been referred to the U.S. Department of Justice (DOJ) for review to determine whether DOJ will bring a lawsuit in federal court based on your charge.

Although EEOC is empowered to sue the Guilford County Sheriff's Office under the ADEA and/or EPA, Title VII of the Civil Rights Act of 1964, as amended, requires that a federal government suit under Title VII against a state or local government agency must be brought by the Department of Justice (DOJ). Based on your charge, we are referring the Title VII aspects of your charge to DOJ for review to determine whether it will bring a lawsuit under Title VII in federal court.

If DOJ brings a lawsuit under Title VII, you may seek to intervene in such suit. If DOJ does not bring a lawsuit based on your charge, they will notify you and issue a Notice of Right to Sue, which will entitle you to sue the Respondent under Title VII.

Sincerely,

Jose G. Rosenberg, Director
Greensboro Local Office