# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KATIE D. HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:18CV519 |
| GUILFORD COUNTY SHERIFF'S OFFICE, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court upon Defendant Guilford County Sheriff's Office motion to dismiss for failure to file a timely lawsuit, failure to exhaust administrative remedies, and for failure to state a claim. (Docket Entry 11.) Plaintiff Katie D. Harris opposes the motion.[1] (Docket Entry 16.) Also before the Court is Plaintiff's motion entitled, "Request For: Judicial Recusal by United States Magistrate Judge(s)." (Docket Entry 10.) For the following reasons, it is recommended that the Court grant in part and deny in part Defendant's motion, and deny Plaintiff's motion.

## I. BACKGROUND

Plaintiff filed this action against Defendant on June 19, 2018 alleging discrimination on the basis of race, sex, religion, and age pursuant to Title VII of the Civil Rights Act of 1964

---

[1] After Defendant filed a Reply, Plaintiff then filed a response to Defendant's Reply. (Docket Entry 20.) Construed as a sur-reply, this document is unauthorized, thus the Court will not consider it in rendering the recommendation herein.

1

("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.* (*See generally* Complaint, Docket Entry 2.) In its entirety, Plaintiff's statement of her claim reads:

> When applying for this position [with the Guilford County Sheriff's Office] one of the question[s] asked was "what would make you a good [candidate] for the job?" My answer: Because I am an Evangelist and I have a compassion for as well as a need for helping people. There was also a request to check credit and I ask[ed] what was the basis for checking my credit and would this affect my being hired; because I am coming out of a divorce and my credit has taken a hit as a result. The answer was no that has no barren [sic] on your getting hired. I was further informed that they only looked at it to screen out anyone who would be suspect for embezzlement or fraud. I was then instructed to go to my home county and obtain a background check and return it to the Office for further processing of my application.

*Id.* at 4. In her section for relief, Plaintiff states:

> The search for employment was extended due to the closing of the application with this Office for discriminatory conduct. Damages in the amount of $54,000 for the year and a half of continued unemployment encountered as a result of discrimination by this Office. The entry level offer at that time of application was $36,000 to $40,000 plus paid vacation and sick leave.

*Id.* at 4-5.

Attached to Plaintiff's Complaint are three documents.[2] There is a letter of Determination from the United States Equal Employment Opportunity Commission ("EEOC") dated May 30, 2014. (Docket Entry 2 at 7-8.) In the letter, the EEOC stated that Defendant's policy of utilizing credit information to determine whether a candidate's

---

[2] All documents attached to the complaint should be evaluated as if they are part of the complaint itself. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

application will be closed disproportionately affected Black applicants by screening out Black applicants as a class. (*Id.* at 7.) It further stated that, based on the same information, it was unable to conclude that Plaintiff had been discriminated against because of her religion, sex, or age. (*Id.* at 8.) On September 8, 2014, Plaintiff received another letter from the EEOC indicating that the Title VII aspects of Plaintiff's case had been referred to the United States Department of Justice ("DOJ") for review to determine if the DOJ would pursue an action in federal court based upon Plaintiff's charge. (*Id.* at 9.) The letter further informed Plaintiff that if the DOJ brought a federal lawsuit, then Plaintiff would be able to intervene; however, if the DOJ declined to do so, Plaintiff would be notified by the DOJ and issued a Notice of Right to Sue. (*Id.*) A Notice of Right to Sue was issued by the DOJ on April 11, 2018. (*Id.* at 6.) The right to sue letter does not reference Plaintiff's claim brought under the ADEA. (*Id.*) Plaintiff filed the instant federal Complaint on June 19, 2018. (*Id.* at 5.)

## II. DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may seek dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim should be granted if the complaint does not allege "enough facts to state a claim to relied that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the factual allegations must "be enough to raise a right to relief above the speculative level." *Id.* at 555. "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Walters v.*

*McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (*quoting Twombly*, 550 U.S. at 570). As explained by the United States Supreme Court:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

A 12(b)(6) motion tests the sufficiency of a complaint and "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Accordingly, a court should "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts. Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Although the truth of the facts alleged is assumed, courts are not bound by the "legal conclusions drawn from the facts" and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

Furthermore, the Fourth Circuit has a long practice of liberally construing the pleadings of *pro se* plaintiffs. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002). A complaint filed by a *pro se* plaintiff, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). If "a *pro se* complaint contains potentially cognizable claims, the plaintiff should be allowed to particularize those claims." *Veliaminov v. P.S. Bus. Parks*, 857 F.Supp.2d 589, 591-92 (E.D. Va. 2012) (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests . . . ." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 does not, however, unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Id.* at 555 (internal citations omitted). "Rule 12(b)(6) does not countenance . . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Id.* at 556 (quoting *Nietzke v. Williams*, 490 U.S. 319, 327 (1989)).

As noted by the Supreme Court in *Twombly*, employment discrimination claims carry no heightened pleading standard. 550 U.S. at 570. Likewise, Title VII plaintiffs are not required to allege specific facts establishing a prima facie case. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002). The Fourth Circuit has not, however, interpreted *Swierkiewicz* as removing the burden on a plaintiff to plead facts sufficient to state all the elements of her claim. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003) (holding that plaintiff failed to plead sufficient facts in support of her hostile work environment claim by failing to show that the conduct was based on race or was severe or pervasive).

Defendant has moved to dismiss the Complaint for the following reasons: failure to file a timely complaint, failure to exhaust administrative remedies, and failure to state a claim upon which relief can be granted. (Docket Entry 11 at 1.)

### A. Plaintiff's Title VII Claims for Sex and Religion

Defendant first argues that the Court must dismiss Plaintiff's Title VII claims regarding sex and religious discrimination under Rule 12(b)(6) due to Plaintiff failing to file the Complaint within the allowed time limits. (Docket Entry 12 at 7.) Defendant contends that the ninety-day time period during which Plaintiff could have filed a complaint regarding sex or religious discrimination commenced on May 30, 2014. (*Id.*)

Under 42 U.S.C. § 2000e-5(f)(1), "the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . ." The ninety-day filing period does not act as a jurisdictional bar but rather as a statute of limitations. *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393 (1982). In cases where the EEOC has reasonable cause to believe that Title VII has been violated but has decided to not bring a civil suit against the violator, "it will issue a notice of right to sue on the charge" to the person alleging discrimination. 29 C.F.R. § 1601.28(b)(1). However, if the alleged violator is a government entity, a Notice of Right to Sue will be issued whenever there is a dismissal of a charge. *Id.* § 1601.28(d). It is the Attorney General who issues the Notice of Right to Sue when "[w]hen there has been a finding of reasonable cause by the Commission, there has been a failure of conciliation, and the Attorney General has decided not to file a civil action." *Id.* § 1601.28(d)(1).

Whenever a right to sue letter is issued under these regulations, it must comply with 29 C.F.R. 1601.28(e). It must include:

> (1) Authorization to the aggrieved person to bring a civil action under title VII . . . within 90 days from receipt of such authorization;

>(2) Advice concerning the institution of such civil action by the person claiming to be aggrieved, where appropriate;
>
>(3) A copy of the charge;
>
>(4) The Commission's decision, determination, or dismissal, as appropriate.

*Id.*

Defendant contends that the letter of Determination, dated May 30, 2014 serves as a Notice of Right to Sue for Plaintiff's Title VII claims for discrimination based upon sex and religion. (Docket Entry 12 at 7-8.) However, it is clear that the letter does not include the necessary requirements to suffice as a Notice of Right to Sue. Therefore, the ninety-day period for Plaintiff to initiate a civil claim did not begin at this point.[3]

Defendant's argument is further undermined by the September 8, 2014 letter from the EEOC. In that letter, the EEOC stated that it was "referring the Title VII aspects of [Plaintiff's] charge to [the] DOJ for review to determine whether it [would] bring a lawsuit under Title VII in federal court." (Docket Entry 2 at 9.) It concluded by stating that any Notice of Right to Sue would be issued by the DOJ. (*Id.*) As such, it was the DOJ, and not the EEOC, that was the proper agency to provide a right to sue letter. 42 U.S.C. § 2000e-5(f)(1); *Spain v. Virginia Commonwealth Univ.*, No. CIV A 3:09CV266, 2009 WL 2461662, *6 (E.D. Va. Aug. 11, 2009) ("The statute thus provides for a right-to-sue letter from the DOJ,

---

[3] The Court also notes that the letter of Determination stated that there was sufficient evidence to conclude that there was reasonable cause to believe that Defendant discriminated against Plaintiff on the basis of race, while also stating that the EEOC was unable to conclude that the information given established a violation with respect to Plaintiff's religion, sex, or age claims. (*Id.*) At this point, the case had resulted in a finding of cause in part and no cause in part and would thus be treated on the whole as a "cause" determination. 29 C.F.R. § 1601.28(d)(2).

7

not the EEOC, in cases where the EEOC has been unable to obtain a conciliation agreement with a government entity.") (internal quotations and citations omitted).

Defendant also contends that the Notice of Right to Sue that Plaintiff received from the DOJ on April 11, 2018 authorizes Plaintiff to sue under Title VII with regard to her claim of *race* discrimination and does not give her the right to sue for her claims of sex and religious discrimination. (Docket Entry 12 at 7-8). Here, Defendant's argument also fails. The Notice of Right to Sue meets all the requirements of a right to sue letter under 29 C.F.R. 1601.28(e). (Docket Entry 2 at 6.) It contains authorization for Plaintiff to bring a civil action under Title VII, advice about commencing the action, and informs Plaintiff that the DOJ (and therefore the EEOC) decided to not file suit against the Guilford County Sherriff's Office on her behalf. (*Id.*) The letter did not inform Plaintiff what type of discrimination she was permitted to bring a suit about; rather it simply informs her that she is authorized to "institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e et seq." (*Id.*)

Allegations of sex and religious discrimination are all governed by Title VII. Therefore, the right to sue letter gave Plaintiff of her notice of her right to sue for not only race discrimination but also any other Title VII claims alleged in Plaintiff's EEOC charge including sex and religious discrimination. Because her ninety-day filing began on April 11, 2018, Plaintiff's claims of sex and religious discrimination were timely filed.[4]

---

[4] Because the Court concludes that the DOJ's Notice of Right to Sue is sufficient for all of Plaintiff's Title VII claims, the undersigned will not fully address Defendant's alternative argument of failure to exhaust administrative remedies. (*See* Docket Entry 12 at 7-8.) However, the Court will point out that because Plaintiff was "entitled" to a Notice of Right to Sue, she had exhausted her administrative remedies and this Court does have subject matter jurisdiction over the issues of sex and religious discrimination even if the DOJ's Notice of Right to Sue did not serve as a Notice of Right to Sue for all of Plaintiff's Title VII claims. *See Moore v. City of Charlotte, NC*, 754 F.2d 1100, 1104 n.1 (4th Cir. 1985) (citation omitted) (an individual may not be penalized for an EEOC failure to fulfill its statutory

## B. Plaintiff's ADEA Claim

Defendant argues that the Court must dismiss Plaintiff's ADEA claim for age discrimination under Rule 12(b)(6) due to Plaintiff failing to file a complaint within the allowed time limit. (Docket Entry 12 at 6.) Again, Defendant contends that the letter of Determination received on May 30, 2014 began the ninety-day filing period for Plaintiff to file her complaint. For reasons previously discussed, this argument also fails. The letter of Determination does not contain any reference to Plaintiff's right to file a civil suit under the ADEA. *See* 29 C.F.R. § 1626.17(c).[5] Defendant is correct that Plaintiff's right to sue under the ADEA for alleged age discrimination began sixty days after the filing of her claim with the EEOC. *See id.* § 1626.18(b). However, Plaintiff was also entitled to wait until receipt of her notice of dismissal or termination of her ADEA claim. *See id.* § 1626.18(c).

Notably, the regulation also provides that when an aggrieved person has filed charges of discrimination that fall under both Title VII and the ADEA, "the Commission will issue a notice of Dismissal or Termination under the ADEA at the same time it issues the notice of

---

duties even if such a failure is presented by the administrative division of responsibility between the EEOC and the Attorney General."); *Perdue v. Roy Stone Transfer Corp.*, 690 F.2d 1091, 1093 (4th Cir. 1982) ("[I]t is entitlement to a 'right to sue' notice, rather than its actual issuance or receipt, which is a prerequisite to the jurisdiction of the federal courts under s 2000e-5(f)(1).").

[5] Under the ADEA, a

> Notice of Dismissal or Termination shall include: (1) A copy of the charge; (2) Notification that the charge has been dismissed or the Commission's proceedings have otherwise been terminated; and (3) Notification that the aggrieved person's right to file a civil action against the respondent on the subject charge under the ADEA will expire 90 days after receipt of such notice.

29 C.F.R. § 1626.17(c).

9

Right to Sue under Title VII . . . ." *Id.* § 1626.17(a)(2). There are several factors in the instant action that brings forth consideration of several regulations: (1) Plaintiff filed a charge of discrimination under both the ADEA and Title VII; (2) there was *reasonable* cause to believe Defendant engaged in racial discrimination in the hiring process, but the EEOC was unable to conclude that there were violations based upon Plaintiff's age, sex, or religion; and (3) the Title VII aspects of Plaintiff's charge were referred to the DOJ. Again, any failure or inadequacies on the part of the EEOC or DOJ with regard to communicating the status of Plaintiff's charge and/or individual claims should not be attributed to Plaintiff. Thus, Plaintiff's claims should not be dismissed as untimely or for a failure to exhaust her administrative remedies. Although the Court makes this conclusion, it nevertheless finds that Plaintiff's claims for discrimination based on sex, age, and religion fail to state a claim upon which relief may be granted. Therefore, as explained below, those claims should be dismissed.

**C. Rule 12(b)(6) Failure to State a Claim**

Defendant argues that the Court must dismiss the complaint under Rule 12(b)(6) due to Plaintiff's failure to state a claim upon which relief may be granted. (Docket Entry 12 at 8-10.) As to her claims for discrimination based upon age, sex, and religion, the undersigned agrees that they should be dismissed. "In an ADEA case, the plaintiff bears the burden of proving that the defendant's adverse hiring decision was motivated by the plaintiff's age." *Moser v. Driller's Serv., Inc.*, 988 F. Supp. 2d 559, 563 (W.D.N.C. 2013) (unpublished); *see also* 29 U.S.C. § 623(a)(1). Here, Plaintiff's Compliant (and attachments thereto) is devoid of any allegations sufficient to state a claim for age discrimination.[6] There are no allegations that

---

[6] The Fourth Circuit has set forth requirements to establish a prima facie case for age discrimination:

Defendant refused to hire Plaintiff because of her age, or that others outside the protective class were hired. As for her claims for sex and religious discrimination, Plaintiff's Complaint simply fails to allege facts sufficient to infer that any adverse action was taken against her based upon her sex or religion. *See Staten v. Maryland Dep't of Labor, Licensing & Regulation*, No. CV RDB-07-3409, 2009 WL 10681971, at *2 (D. Md. Mar. 18, 2009) (unpublished) (Plaintiff "again fails to allege any facts that could give rise to the belief or inference that the adverse actions taken against her were the result of gender discrimination."). Therefore, those claims should be dismissed.[7]

However, Plaintiff's claim for discrimination based upon her race should proceed. To state a claim of racial discrimination based on disparate impact of a hiring practice, Plaintiff must allege that Defendant utilized a "facially neutral employment practice [that] had a significantly discriminatory impact. *Walls v. City of Petersburg*, 895 F.2d 188, 191 (4th Cir. 1990) (citing *Connecticut v. Teal*, 457 U.S. 440, 446 (1982)). Here, Plaintiff has sufficiently alleged facts that Defendant utilized a facially neutral employment practice and that it had a significantly discriminatory impact. The letter of Determination incorporated in the Complaint alleges that

---

> [A] plaintiff must demonstrate that: (1) he was a member of a protected class, *i.e.,* that he was at least 40 years old; (2) his employer had an open position for which he applied and was qualified; (3) he was rejected despite his qualifications; and (4) the position remained open or was filled by a similarly qualified applicant who was substantially younger than the plaintiff, whether within or outside the class protected by the ADEA.

*Laber v. Harvey*, 438 F.3d 404, 430 (4th Cir. 2006).

[7] The Court notes that although the documents attached to Plaintiff's sur-reply are not considered here, such documents contain no additional allegations of fact supporting claims of religious, sex, or age discrimination.

11

Defendant's practice of "utilizing credit information to determine whether a candidate's application will be closed or whether the applicant will progress further in the hiring process has a disproportionate impact in that it disproportionately screened out [Plaintiff] and Black applicants as a class." (Docket Entry 2 at 7.) Defendant required all applicants to submit to a credit check before being hired "to screen out anyone who would be suspect for embezzlement or fraud" (*id.* at 4) making the policy facially neutral—sufficiently alleging facts that Defendant was utilizing a facially neutral hiring practice.

Further, with the Complaint and attachments, Plaintiff has sufficiently alleged facts to infer that the practice of utilizing credit information in the hiring process had a disproportionate impact on Black applicants as a class. (*Id.* at 7-8.) The incorporated letter of Determination supports this allegation by stating that the EEOC "determined that there is sufficient evidence to conclude that there is reasonable cause to believe that [Defendant] discriminated against [Plaintiff] and a class of Black applicants in violation of Title VII by closing their applications due to credit information, thereby denying them further consideration in the hiring process." (*Id.* at 8.) Plaintiff's claim for racial discrimination should thus proceed.

### D. Plaintiff's Motion for Judicial Recusal

Plaintiff seeks judicial recusal in this action because "'Magistrate Judges' work in direct relationship with the Sheriff's Department on a daily basis which in itself should be seen as a conflict of interest as well as be noted as apparent bias in this particular case." (Docket Entry 10.) Plaintiff's reasoning for recusal of the undersigned is not warranted. Recusal of federal judges is governed under 28 U.S.C. § 455, which provides that "[a]ny justice, judge, or

magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In particular, a judge should disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" *Id.* § 455(b)(1). "A presiding judge is not, however, required to recuse himself simply because of unsupported, irrational or highly tenuous speculation." *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (internal quotations and citations omitted). Here, Plaintiff's argument is conclusory, without factual support, and presents no grounds to support judicial recusal in this action. Thus, Plaintiff's motion should be denied.

## III. CONCLUSION

For the reasons stated herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss (Docket Entry 11) be **GRANTED IN PART** as to Plaintiff's claims for discrimination based upon age, sex and religion; and **DENIED IN PART** as to Plaintiff's claim for discrimination based upon race.

**IT IS FURTHER RECOMMENDED** that Plaintiff's motion entitled "Request For: Judicial Recusal by United States Magistrate Judge(s)" (Docket Entry 10) be **DENIED**.

_____
Joe L. Webster
United States Magistrate Judge

February 12, 2019
Durham, North Carolina